UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Percy, *et al.*,

                                    Plaintiffs,

                -against-

Oriska General Contracting, *et al.*,

                                    Defendants.

Hodge, *et al.*,

                                    Plaintiffs,

                -against-

All American School Bus Corp., *et al.*,

                                    Defendants.

Hodge, *et al.*,

                                    Plaintiffs,

                -against-

Cuomo, *et al.*,

                                    Defendants.

Oriska Corporation,

                                    Plaintiff,

                -against-

Hodge, *et al.*,

                                    Defendants.

Oriska Corporation,

                                    Plaintiff,

                -against-

Willoughby Rehabilitation and Health
Care Center, LLC, *et al.*,

                                    Defendants.

**MEMORANDUM & ORDER**
**20-cv-6131 (NGG)**
**20-cv-6291 (NGG) (SJB)**
**21-cv-1366 (NGG) (SJB)**
**21-cv-1421 (NGG)**
**21-cv-1999 (NGG) (RLM)**
**21-cv-2006 (NGG) (SJB)**
**21-cv-2009 (NGG) (SJB)**
**21-cv-2010 (NGG) (SJB)**
**21-cv-2021 (NGG) (SJB)**
**21-cv-2022 (NGG) (ARL)**
**21-cv-2024 (NGG) (SJB)**
**21-cv-2025 (NGG) (SJB)**
**21-cv-2029 (NGG) (SJB)**
**21-cv-2030 (NGG) (AYS)**
**21-cv-2031 (NGG) (SJB)**
**21-cv-2034 (NGG) (SJB)**
**21-cv-2035 (NGG) (SJB)**
**21-cv-2039 (NGG) (RML)**
**21-cv-2040 (NGG) (SJB)**
**21-cv-2045 (NGG) (VMS)**
**21-cv-2050 (NGG) (SJB)**
**21-cv-2175 (NGG) (SJB)**
**21-cv-2182 (NGG) (SJB)**
**21-cv-2194 (NGG) (SJB)**
**21-cv-2198 (NGG) (SJB)**
**21-cv-2283 (NGG) (SJB)**
**21-cv-2311 (NGG) (SJB)**
**21-cv-2313 (NGG) (RLM)**
**21-cv-2314 (NGG) (SJB)**

1

---

Oriska Corporation,

                                        Plaintiff,

            -against-

Bayview Manor LLC, South Point Plaza, *et al.*,

                                        Defendants.

---

Oriska Corporation,

                                        Plaintiff,

            -against-

Nassau Operating Co., LLC, *et al.*,

                                        Defendants.

---

Oriska Corporation,

                                        Plaintiff,

            -against-

Garden Care Center, Inc., *et al.*,

                                        Defendants.

---

Oriska Corporation,

                                        Plaintiff,

            -against-

Park Avenue Operating Co. LLC, *et al.*,

                                        Defendants.

---

Oriska Corporation,

                                        Plaintiff,

            -against-

Parkview Care & Rehabilitation Center, *et al.*,

                                        Defendants.

---

---

Oriska Corporation,

        Plaintiff,

   -against-

Pinegrove Manor II, LLC,-Grace Plaza, *et al.*,

        Defendants.

---
Oriska Corporation,

        Plaintiff,

   -against-

Townhouse Operating Co., LLC-Townhouse Center for Nursing, *et al.*,

        Defendants.

---
Oriska Corporation,

        Plaintiff,

   -against-

Woodmere Rehabilitation and Health Care Center, Inc., *et al.*,

        Defendants.

---
Oriska Corporation,

        Plaintiff,

   -against-

Brookhaven Rehabilitation and Health Care Center, LLC, *et al.*,

        Defendants.

---
Oriska Corporation,

        Plaintiff,

   -against-

Little Neck Care Center, LLC, *et al.*,

        Defendants.

---

Oriska Corporation,

                                        Plaintiff,

        -against-

New Surfside Nursing Home, LLC-Caring
Family Nursing & Rehab, *et al.*,

                                        Defendants.

Oriska Corporation,

                                        Plaintiff,

        -against-

West Lawrence Care Center, LLC, *et al.*,

                                        Defendants.

Oriska Corporation,

                                        Plaintiff,

        -against-

Avalon Gardens Rehabilitation & Health
Care Center, LLC, *et al.*,

                                        Defendants.

Oriska Corporation,

                                        Plaintiff,

        -against-

Golden Gate Rehabilitation and Health
Care Center LLC, *et al.*,

                                        Defendants.

Oriska Corporation,

                                        Plaintiff,

        -against-

North Sea Associates, LLC-The Hamptons
Center, *et al.*,

                                        Defendants.

Percy, *et al.*,

                                        Plaintiffs,

                -against-

Children's Law Center, *et al.*,

                                        Defendants.

Percy, *et al.*,                    Plaintiffs,

                -against-

D & D Metal Work Inc., *et al.*,

                                        Defendants.

Percy, *et al.*,

                                        Plaintiffs,

                -against-

F & E Maintenance Inc, *et al.*,

                                        Defendants.

Percy, *et al.*,

                                        Plaintiffs,

                -against-

I Grace Co, *et al.*,

                                        Defendants.

Percy, *et al.*,

                                        Plaintiffs,

                -against-

U & I Mechanical Corporation, *et al.*,

                                        Defendants.

Percy, *et al.*,

Plaintiffs,

-against-

Manhattan Telecommunications
Corporation, *et al.*,

Defendants.

Percy, *et al.*,

Plaintiffs,

-against-

S & E Azrlliant PC, *et al.*,

Defendants.

Percy, *et al.*,

Plaintiffs,

-against-

P & H Painting Inc., *et al.*,

Defendants.

Bay Park Center for Nursing &
Rehabilitation, *et al.*,

Plaintiffs,

-against-

Bent Philipson, Avi Philipson, and
Deborah Philipson,

Defendants;

Oriska Corporation,

Plaintiff-in-Intervention,

-against-

Bay Park Center for Nursing &
Rehabilitation, *et al.*,

Defendants-in-Intervention;

Donna Hodge, Annette Hall, Karen Grant
Williams, and Alexi Arias,

      Class Defendants-in-Intervention;

Bent Philipson, Avi Philipson, and
Deborah Philipson,

   Lead Action Defendants-in-Intervention;

Aaron Becher, *et al.*,

      Owner Operator Defendants-in-
Intervention;

The Philipson Family Trust, *et al.*,

    Prohibited Transaction Defendants-in-
Intervention;

Andrew Cuomo, *et al.*,

      State Officer Defendants-in-
Intervention;

Oriska Insurance Company,

      Carrier Defendant-in-
Intervention;

Rashbi Management, Inc.,

      Trust Defendants-in-
Intervention.

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court are 29 related lawsuits, which collec-
tively name more than 8,773 defendants. Eighteen of these
lawsuits (the "Removed Actions") were originally filed in various
New York State Supreme Courts and then coordinated and trans-
ferred to New York Supreme Court, Oneida County for pre-trial
purposes. They were removed to this court by purported class
representative defendants (the "Class Representatives") in each

7

action. Eleven of these lawsuits (the "Federal Actions") were originally filed in federal court.

For the reasons stated below, each of the Removed Actions is RE-MANDED to New York Supreme Court, Oneida County and each of the Federal Actions is DISMISSED with prejudice. Requests made by counsel in the Removed Actions for attorneys' fees and costs are GRANTED. Attorney James M. Kernan, counsel for the Class Representatives, is ORDERED to show cause within two weeks of the date of this Order, in writing, as to why he should not be referred to the Disciplinary Committee for this District in connection with his conduct in these lawsuits.

## I.   PROCEDURAL BACKGROUND

### A.   The Removed Actions

The eighteen Removed Actions pending before this court[1] were initially filed in various New York State Supreme Courts. Oriska

---

[1] *Oriska Corp. v. Hodge, et al.*, 21-cv-01999 (NGG); *Oriska Corp. v. Willoughby Rehab. and Health Care Ctr., LLC, et al.*, 21-cv-02006 (NGG); *Oriska Corp. v. Brookhaven Rehab. and Health Care Ctr., LLC, et al.*, 21-cv-02031 (NGG); *Oriska Corp. v. Little Neck Care Ctr., LLC, et al.*, 21-cv-02034 (NGG); *Oriska Corp. v. New Surfside Nursing Home, LLC-Caring Family Nursing & Rehab., et al.*, 21-cv-02035 (NGG); *Oriska Corp. v. West Lawrence Care Ctr., LLC, et al.*, 21-cv-02039 (NGG); *Oriska Corp. v. Golden Gate Rehab. and Health Care Ctr. LLC, et al.*, 21-cv-02045 (NGG); *Bay Park Ctr. for Nursing & Rehab. LLC, et al., v. Philipson, et al.*, 20-cv-06291 (NGG); *Oriska Corp. v. Bayview Manor LLC, - South Point Plaza, et al.*, 21-cv-02009 (NGG); *Oriska Corp. v. Garden Care Ctr., Inc., et al.*, 21-cv-02010 (NGG); *Oriska Corp. v. Nassau Operating Co, LLC, et al.*, 21-cv-02021 (NGG); *Oriska Corp. v. Park Ave. Operating Co. LLC, et al.*, 21-cv-02022 (NGG); *Oriska Corp. v. Parkview Care & Rehab. Ctr., et al.*, 21-cv-02024 (NGG); *Oriska Corp. v. Pinegrove Manor II, LLC,-Grace Plaza, et al.*, 21-cv-02025 (NGG); *Oriska Corp. v. Townhouse Operating Co., LLC-Townhouse Ctr. for Nursing et al.*, 21-cv-02029 (NGG); *Oriska Corp. v. Woodmere Rehab. and Health Care Ctr., Inc., et al.*, 21-cv-02030 (NGG); *Oriska Corp. v. Avalon Gardens Rehab. & Health Care Ctr., LLC et al.*, 21-cv-02040 (NGG); *Oriska Corp. v. North Sea Associates, LLC-The Hamptons Ctr., et al.*, 21-cv-02050 (NGG).

Corporation ("Oriska"), an insurance company located in Oneida County in the Northern District of New York, is the plaintiff in seventeen of the eighteen Removed Actions. Oriska originally brought those and other related actions in Bronx, Kings, Nassau, Rensselaer, Richmond, Schenectady, Suffolk, and Westchester Counties against, *inter alia*, various healthcare and rehabilitation employer defendants (the "Healthcare Employers"). (*See Oriska Corp. v. West Lawrence Care Ctr.*, 21-cv-2039, Coordination Order (Dkt. 8-6) at 2-3; App'x A.) These Removed Actions are shareholder derivative suits seeking reimbursement of unpaid insurance premiums allegedly owed to Oriska's former subsidiary, Oriska Insurance Corporation. *Id.* at 2. In the state court proceedings, the Employer Defendants disputed Oriska's claims and argued that "most, if not all, of the plaintiff's causes of action have already been adjudicated when similar claims were litigated by Oriska Insurance Company in the Supreme Court of Oneida County by Justice Patrick F. MacRae." *Id.* at 3.

Oriska moved to consolidate the cases in either Nassau or Kings County. *Id.* The Healthcare Employers agreed that consolidation was necessary but argued that they should be moved to Oneida County, where Oriska was located and where Oriska Insurance Company's prior claims had been adjudicated. *Id.* The New York State Litigation Coordination panel agreed with the Healthcare Employers and, on April 30, 2020, the panel entered an order coordinating the actions and transferring them to Oneida County for pre-trial purposes pursuant to the Uniform Rules for New York State Trial Courts § 202.69. *Id.* at 4. The Coordination Order advised the parties that, after pre-trial discovery and decisions on any summary judgment motions, the plaintiff could choose to have a trial for each action in the county where it was originally filed. *Id.*

9

Around that time, Oriska purports to have amended its state court complaints in these seventeen Removed Actions to add federal causes of action and to include putative class representatives Annette Hall, Karen Grant Williams, Donna Hodge, Alexi Arias, and Albert E. Percy (the "Class Representatives") as additional defendants. (*See, e.g.*, *Oriska v. North Sea Assocs.*, 21-cv-454, Am. State Court Compl. (Dkt. 1-2) (E.D.N.Y. Jan. 27, 2021).) The Class Representatives, who are represented by attorney James M. Kernan, then attempted to collectively remove the seventeen actions to this court under one docket number, *Oriska v. North Sea Assocs.*, 21-cv-454 ("*North Sea*"). On April 9, 2021, this court dismissed *North Sea* as improperly filed. (*North Sea*, Apr. 9, 2021 Order.) The Class Representatives then filed notices to individually remove each of those seventeen state court actions to the Eastern District of New York.

The eighteenth Removed Action was filed in New York Supreme Court, Nassau County (the "Nassau County Action"). The Healthcare Employers were the original plaintiffs in the Nassau County Action, and they brought various state law claims against individual defendants Bent Philipson, Avi Philipson, and Deborah Philipson. (*Bay Park Ctr. for Nursing & Rehab., et al. v. Philipson, et al.*, 20-cv-6291 ("*Bay Park Ctr.*"), Compl. (Dkt. 9-3) ¶¶ 57-102.) Specifically, in their initial complaint, the Healthcare Employers alleged that the Philipsons abused their fiduciary positions by engaging in a scheme to trick the Healthcare Employers into paying premiums into a scam third-party insurance policy over the course of several years, promising them third-party insurance coverage that did not exist. (*Id.* ¶¶ 27-56.) The Healthcare Employer plaintiffs sought $53 million in damages plus declaratory relief. (*Id.* at 23-25.)

The Healthcare Employer plaintiffs filed an amended complaint in the Nassau County Action on November 6, 2019. (*Bay Park Ctr.*, Am. Compl. (Dkt. 9-4).) The amended complaint abandons

most, if not all, of the allegations from the initial complaint. It raises a single cause of action against the Philipsons for breach of contract, alleging that they failed to repay a $50,000 loan and seeking only the amount of the loan, plus interest and fees, in damages. (*Id.* ¶¶ 21-25.)

On October 7, 2020, Oriska obtained leave to intervene as a plaintiff in the Nassau County Action. (*Bay Park Ctr.*, Order (Dkt. 9-6).) By that time, the Nassau County Action, along with the seventeen other Removed Actions, had been transferred to Oneida County for pre-trial coordination. (*Bay Park Ctr.*, Nassau Cnty. Dkt. (Dkt. 38-2) at ECF p. 3.) Then, on December 28, 2020, Oriska filed an amended complaint in intervention, asserting 20 causes of action against more than 400 defendants-in-intervention, including the Class Representatives and the Healthcare Employers. [2] (*Bay Park Ctr.*, Am. Compl. in Intervention ("Amended Intervention Complaint") (Dkt. 9-7) ¶¶ 211-343.)

On December 29, 2020, the Class Representatives removed the Nassau County Action to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, asserting that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, completely preempts the claims raised in the Amended Intervention Complaint. (*Bay Park Ctr.*, Not. of Removal (Dkt. 1) ¶ 6.)

---

[2] The proposed amended complaint in intervention asserted only state law causes of action. The parties dispute whether Oriska Corporation ever filed an initial proposed intervention complaint prior to filing its amended one. Because it is not pertinent to the issues at hand, this court declines to address this disputed issue.

### B.  The Federal Actions

Also pending are the eleven Federal Actions that were originally filed in federal court.[3] The plaintiffs in the Federal Actions include the same Class Representatives who were added as defendants in each of the Removed Actions and who removed those actions to federal court. Attorney Kernan represents the Class Representatives in both the Federal Actions and the Removed Actions.

Kernan, on behalf of the Class Representatives, purports to have named at least 8,773 defendants in the Federal Actions. (*See D&D Metal Work Inc.*, 21-cv-2182, Compl. (Dkt. 1) ¶ 26 (asserting that there are 8,773 defendants identified in some of the Federal Actions); *see also Oriska Corp. Gen. Contracting*, 20-cv-6131, List of Defendants (Dkt. 140) (submitting a 64-page, single-spaced list of defendants).) The court's ECF filing system caps the number of defendants that may be listed per ECF entry, and in an apparent attempt to evade those limits, Kernan has filed hundreds, if not thousands, of ECF entries, each listing a subset of the defendants. (*See, e.g.*, *Percy v. Oriska Corp. Gen. Contracting*, 20-cv-6131 (Dkt. Nos. 28-58, 60-62, 64-66, 68, 70-86, 88-89, 92-93, 97-128, 135-146). None of the complaints explains the individual significance of any of these named defendants or discusses how or why they were identified.

---

[3] *See Percy, et al., v. Oriska Corp. Gen. Contracting, et al.*, 20-cv-06131 (NGG); *Hodge, et al. v. All Am. Sch. Bus Corp., et al*, 21-cv-01366 (NGG); *Hodge, et al., v. Cuomo, et al.*, 21-cv-01421 (NGG); *Percy, et al., v. Children's Law Ctr., et al.*, 21-cv-02175 (NGG); *Percy, et al., v. D & D Metal Work Inc., et al.*, 21-cv-02182 (NGG); *Percy, et al., v. F & E Maint. Inc., et al.*, 21-cv-02194 (NGG); *Percy, et al., v. I Grace Co., et al.*, 21-cv-02198 (NGG); *Percy, et al., v. U & I Mech. Corp.*, 21-cv-02283 (NGG); *Percy, et al., v. Manhattan Telecomm's Corp., et al.*, 21-cv-02311 (NGG); *Percy, et al., v. S & E Azrlliant PC, et al.*, 21-cv-02313 (NGG); *Percy, et al., v. P & H Painting Inc., et al.*, 21-cv-02314 (NGG).

All eleven Federal Actions assert identical or substantially similar claims. In sum, each lawsuit focuses on an "Alternative Employment Practice" apprenticeship program that the Class Representatives want covered by workers' compensation insurance, which they refer to as the "Percy Plan" or "Program" or "Solution." (*See, e.g., Oriska Corp. Gen. Contracting*, 20-cv-6131, Compl. ¶¶ 3-5.) This workers' compensation program appears to have been created by Oriska's former subsidiary, the Oriska Insurance Company or, at least, is beneficial to it because Oriska is the provider of the program. The Class Representatives claim that the defendants' failure to adopt the program violated their rights under 18 U.S.C. § 2000e-2(k)(1). (*Id.*) They seek injunctive and declaratory relief; damages for lost wages, benefits, and opportunities; and liquidated damages, plus pre- and post-judgment interest and attorneys' fees, expert fees, costs, and disbursements. (*See id.* at 13-14.)

## II.  HISTORY OF DISCIPLINARY PROCEEDINGS AGAINST CLASS REPRESENTATIVES' COUNSEL

Kernan's disciplinary history is also relevant to the procedural and substantive issues before this court. In 2009, Kernan was charged with a fifteen-count federal indictment in the Northern District of New York. At the time, he was the owner and president of Oriska's subsidiary, Oriska Insurance Company, located in Oriskany, New York. *See United States v. Kernan*, No. 5:08-CR-61 (FJS), 2009 WL 667432, at *1 (N.D.N.Y. Mar. 11, 2009). The charges concerned Kernan's participation, along with Robert J. "Skip" Anderson, a three-time convicted felon, in a scheme to defraud several professional employer organizations ("PEOs"). More specifically, Kernan and Anderson were charged with falsely representing that Oriska Insurance Company was authorized to (1) issue high deductible workers' compensation

insurance policies in New York and (2) issue workers' compensation policies outside of New York, when, in fact, it was not authorized to do either of those things. *Id.* at *6.

On March 20, 2009, Kernan pleaded guilty to one count of knowingly permitting a convicted felon to be involved in the business of insurance, a felony in violation of 18 U.S.C. § 1033(e)(1)(B). (*See United States v. Kernan*, N.D.N.Y. 08-cr-61 ("*U.S. v. Kernan*"), Mar. 20, 2009 Minute Entry); *U.S. v. Kernan*, Plea Agreement (Dkt. 82); *U.S. v. Kernan*, Change-of-Plea Hr'g Tr. (Dkt. 84).) He was sentenced to five years of probation and the court imposed a $250,000 fine, a $100 special assessment, and 400 hours of community service. (*U.S. v. Kernan*, Judgment (Dkt. 103).)

After his conviction, Kernan asked the New York State Department of Financial Services ("NYSDFS") for permission to engage in the business of insurance in New York again. *See Oriska Ins. Co. v. Avalon Gardens Rehab. & Health Care Ctr., LLC*, No. 18-cv-1030 (DNH/DEP), 2018 WL 6074693, at *3 (N.D.N.Y. Nov. 21, 2018). On May 26, 2011, the NYSDFS issued a preliminary denial. *Id.* It then held a hearing in late 2011 to consider "(1) whether Attorney Kernan 'demonstrated untrustworthiness' within the meaning of section 1506(c)(1)(A) of the New York Insurance Law, such that he should be prohibited from acting 'as a controlling person' of Oriska; and (2) whether the preliminary denial of Attorney Kernan's application for consent pursuant to 18 U.S.C. § 1033(e)(2) should be made final on the grounds that he demonstrated untrustworthiness or incompetency." *Id.* at *4.[4] Based on that hearing, the NYSDFS Hearing Officer submitted a recommendation that the Superintendent of the NYSDFS deny Kernan's request to engage in the business of insurance and "issue an order pursuant to Insurance Law § 1506(c)(1)(A) finding

---

[4] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

that [] Kernan, as a controlling person of Oriska Insurance Company, has demonstrated his untrustworthiness" and "directing [] Kernan to terminate his ownership capacity at Oriska Insurance Company, including but not limited to providing legal or engineering services, or insurance agency services, by himself or by any member of his family or relative, directly or indirectly, to Oriska." *Id.* The Superintendent issued a final determination and order adopting the hearing officer's recommendation. *Id.* (citing N.D.N.Y. 18-cv-1030, Dkt. No. 47-4 at 3-4). Despite these restrictions, Kernan went on to represent Oriska in a subsequent insurance action in the Northern District of New York. *Id.* The court terminated his representation in that action on the grounds that he had violated both provisions of the NYSDFS's order. *Id.* at *7-9.

The Appellate Division of the New York Supreme Court, Fourth Department, suspended Kernan from the practice of law in New York for a period of five years following his felony conviction or until the termination of his federal term of probation, whichever was longer. *In re Kernan*, 66 A.D.3d 1497, 1497 (4th Dep't 2009) (initial order of suspension); *In re Kernan*, 73 A.D.3d 219, 220 (4th Dep't 2010) (final order of suspension). In reaching its conclusion, the Fourth Department considered the fact that Kernan's "misconduct was willful and appears to have been committed for personal gain, and that respondent has failed to express remorse for his misconduct." 73 A.D.3d at 220. The Fourth Department reinstated Kernan on June 12, 2015. *See In re Kernan*, 129 A.D.3d 1556, 1556 (4th Dep't 2015).

Kernan was reinstated to practice law in the Eastern District of New York around the same time. (*In re Kernan*, 10-mc-351, Order Reinstating Kernan (Dkt. 3).) The Eastern District of New York then disbarred him again, after he was directed by ECF order on two separate occasions to provide the court with proof of his admission to practice law and failed to do so. (*In re Kernan*,

10-mc-351, Order (Dkt. 5); Nov. 7, 2018 ECF Order; Order (Dkt. 6).) Almost two years later, in August 2020, Kernan submitted a request for reconsideration. (*In re Kernan*, 10-mc-351, Mot. for Reconsideration (Dkt. 7).) He was readmitted to the District on August 25, 2020. (*In re Kernan*, 10-mc-351, Aug. 25, 2020 ECF Order.)

Kernan also applied for readmission to the Northern District of New York. The Northern District revoked his admission after initially accidentally readmitting him, and he challenged the revocation in the Second Circuit. *In re Kernan*, 783 F. App'x 106 (2d Cir. 2019). He was represented in that litigation by attorney Frank Policelli, who is counsel for Oriska in the 29 pending actions before this court. *See id.* Kernan ultimately withdrew his appeal, and it does not appear that he has been reinstated in the Northern District of New York.

### III. REMAND OF THE REMOVED ACTIONS

#### A. Legal Standard

A defendant may remove an action from state court to federal district court if the latter court has original jurisdiction, 28 U.S.C. § 1441(a), and if the applicable procedural requirements are satisfied, 28 U.S.C. § 1446. "The right of removal is entirely a creature of statutes and . . . [the] statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts . . . resolv[e] any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir.1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). On a motion to remand to state court, "the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." *R.G. Barry Corp. v. Mushroom*

16

*Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979). To carry its bur-
den, the removing party must "demonstrate[e] both the
existence of subject-matter jurisdiction and compliance with the
relevant procedural requirements." *St. Vincent's Hosp. of Staten
Island v. Taylor*, No. 07-cv-967 (ILG) (JO), 2007 WL 2325073, at
*2 (E.D.N.Y. Aug. 10, 2007). "If the removing party cannot
demonstrate federal jurisdiction by competent proof, the removal
was in error and the district court must remand the case to the
court in which it was filed." *Hill v. Delta Int'l Mach. Corp.*, 386 F.
Supp. 2d 427, 429 (S.D.N.Y. 2005).

## B.   Discussion

The Healthcare Employer defendants seek to remand the eight-
een Removed Cases. [5] [6] They argue that remand is necessary
because the Class Defendants violated the rule of unanimity, one
of the procedural requirements for removal; because the Class
Representatives attempted to remove the actions to an improper
federal venue; and because the operative complaints do not pro-
vide a basis for federal jurisdiction. (*See, e.g.*, *Oriska v. Avalon*,
21-cv-2040, Mem. in Support of Mot. to Remand (Dkt. 8-1) at 1-
2.)[7]

---

[5] Individual defendant Ira Lipsius also seeks remand. *See Bay Park Ctr. For
Nursing & Rehab.*, 20-cv-6291, Mot. to Remand (Dkt. 9) (E.D.N.Y. Jan. 19,
2021).

[6] At the time of publication, these defendants have either moved to remand
or requested leave to do so in each of the Removed Actions. Because of the
redundancies among the cases, and in the interests of judicial efficiency
and economy, this court decides the remand issue *sua sponte* in the cases
where it has not yet been briefed. *See Link v. Wabash R.R. Co.*, 370 U.S.
626, 630-31 (1962) (District courts have the inherent authority "to man-
age their own affairs so as to achieve the orderly and expeditious
disposition of cases".).

[7] In certain actions, the remanding parties additionally argue that removal
was untimely. (*See, e.g.*, *Oriska v. Hodge*, 21-cv-1999, Mem. in Support of

1.   The Rule of Unanimity

A removing party must obtain the consent of all "properly joined and served" defendants for a federal court to exercise jurisdiction over the action. *Williams v. Connell*, No. 12-cv-3593 (SLT), 2017 WL 2829686, at *3 (E.D.N.Y. June 29, 2017), quoting 28 U.S.C. § 1446(b)(2)(A). This rule of unanimity is "strictly interpreted and enforced." *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006). If it is not satisfied, then "the petition is defective and the case must be remanded." *Snakepit Auto., Inc. v. Superperformance Int'l, LLC*, 489 F. Supp. 2d 196, 201 (E.D.N.Y. 2007). The rule of unanimity "advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal in favor of remand." *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12-cv-5557 (JPO), 2013 WL 1234958, at *5 (S.D.N.Y. Mar. 26, 2013).

There are three exceptions to the rule of unanimity. *Id.* at *6. "A party asserting proper removal may raise an exception to the unanimity rule when: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; or (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Snakepit Automotive*,  489 F. Supp. 2d at 201-02.

In the Nassau County Action, where Oriska is a party via intervention, Oriska and the Class Representatives contend that the service exception to the rule of unanimity applies and is satisfied here. (*See Bay Park Ctr. for Nursing & Rehab.*, 20-cv-6291, Class Representatives' Opp. to Remand ("Class Opp.") (Dkt. 40) at 7; Oriska Opp. to Remand ("Oriska Opp.") (Dkt. 38) at 11.) They

---

Mot. to Remand (Dkt. 10-1) at 8-9.) Given the other independent grounds for remand, the court declines to address that question.

assert that the Class Representatives were not required to obtain the Healthcare Employers' consent because the Healthcare Employers were not served with the Amended Intervention Complaint prior to removal of the action. *Id.*

Oriska and the Class Representatives are incorrect. Federal courts "consistently look to state law to determine whether a defendant was properly served when evaluating procedural challenges to a Defendant's removal." *Williams*, 2017 WL 2829686, at *4. New York law permits service via e-filing on parties who have already appeared in the action. *See* N.Y. C.P.L.R. §§ 3012(a), 2103(b)(7); N.Y. Comp. Codes R. & Regs. tit. 22, § 202.5-b(f)(2)(ii) ("An e-filing party causes service of an interlocutory document to be made upon another party participating in e-filing by filing the document electronically."). The Healthcare Employers are the original plaintiffs in the Nassau County Action, who appeared in this action at its outset and have participated in e-filing throughout. (*See Bay Park Ctr.*, 21-cv-6291, State Court Docket Sheet ("State Court Docket") (Dkt. 30-1).) Under New York law, they were deemed served with the Amended Intervention Complaint when it was e-filed on December 28, 2020. (*Id.* at 3.) Similarly, the Employer Defendants are the original defendants in the remaining seventeen Removed Actions, and they have participated in e-filing in state court throughout those actions. The rule of unanimity therefore required the Class Representatives to obtain their consent for removal in all eighteen Removed Actions, which they did not do.

Failure to satisfy the rule of unanimity is a procedural defect that requires remand of the Removed Actions to state court. *See St. Vincent's Hosp.*, 2007 WL 2325073, at *2. While remand is warranted on that basis alone, the court additionally addresses the arguments regarding venue and jurisdiction because of their relevance to the issues of attorneys' fees and potential attorney misconduct.

2.   Improper Venue

The Class Representatives contend that the Eastern District of New York is not the proper venue for the Removed Actions. The actions were coordinated in Oneida County for pre-trial purposes, and Oriska was granted permission to try the cases in the counties in which they were originally filed. (*See, e.g.*, *Bay Park Ctr.*, 20-cv-6291, State Court Docket at 3 (entering an order to transfer venue on September 30, 2020).) At the time of removal, the cases remained in the pre-trial stage in Oneida County and had not been returned to their original counties for trial. Thus, the Class Representatives were required to file any notice of removal in the Northern District of New York, where Oneida County is situated. *See* 28 U.S.C. § 1446(a) (requiring a removing defendant to file the notice of removal "in the district court of the United States for the district and division within which such action is pending"). It is notable that Kernan, their counsel, has been disbarred from the Northern District and that he was readmitted to the Eastern District only a few months prior to attempting to remove these actions to this District. These circumstances suggest that his removal to an improper venue may have been a willful attempt to avoid the Northern District, where he cannot practice law. In any event, remand of the Removed Actions is warranted because the Class Representatives attempted to remove them to an improper federal venue.

3.   Federal Jurisdiction

The parties seeking remand also argue that the federal district court does not have jurisdiction over the eighteen Removed Actions because the operative complaints do not raise any federal causes of action. The parties seeking to remand the Nassau County Action are correct. Based on the parties' submissions, the court lacks sufficient information to reach a conclusion as to its jurisdiction over the other seventeen Removed Actions.

20

"Only state-court actions that originally could have been filed in federal court may be removed to federal court." *Caterpillar. Inc. v. Williams*, 482 U.S. 386, 392 (1987). For removal based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, "jurisdiction exists only when the plaintiff's own cause of action is based on federal law as demonstrated on the face of a well-pleaded complaint." *Arrow Financial Servs. LLC v. Massil*, No. 08-cv-437 (NGG), 2009 WL 348553, at *2 (E.D.N.Y. Feb. 11, 2009). Because of this principle, courts routinely reject removal attempts made by third-party and intervenor litigants. *See, e.g., Arrow Fin. Servs.*, 2009 WL 348553, at *2 ("It is clear . . . that the jurisdiction of the district court over the claims of the plaintiffs is not enhanced by third party complaints."); *Childs v. Valente*, No. 1:07-cv-18, 2007 WL 805820, at *1 (D. Vt. Mar. 15, 2007) (explaining that the intervenor litigant's argument for removal "runs counter to substantial case law holding removal may not be predicated on an intervening petition or complaint").

The complete preemption doctrine is a corollary to the well-pleaded complaint rule. *Caterpillar Inc.*, 482 U.S. at 393. This doctrine provides that an action may not be removed on the basis of a federal defense, including a preemption defense, unless federal law completely preempts the relevant area of state law. *Id.* This doctrine authorizes removal in a limited set of circumstances, including when state law claims are completely preempted by Section 502 of ERISA. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 204 (2004). Oriska and the Class Representatives contend that removal is proper under the complete preemption doctrine based on the claims in the original state court complaint, which they argue is an artfully pleaded attempt to recover $53 million in fund benefits governed by ERISA. (*See* Class Opp. at 8-12.)

This court does not have jurisdiction over the removed Nassau County Action. The operative Amended Complaint asserts only

one state law cause of action for breach of contract, which is not preempted by federal law, and the voluntariness principal bars removal by parties introduced through intervention. (*See* Nassau County Action, 21-cv-6291, Am. Compl. (Dkt. 9-4) ¶¶ 21-25.) To hold otherwise would deprive plaintiffs of their right to decide where to bring their lawsuit. *See Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918). The apparent coordination between the intervenor and the defendants-in-intervention suggests a willful attempt to evade the plaintiffs' choice of forum, in further violation of the principle that plaintiffs, by virtue of their well-pleaded complaints, determine the removability of their cases. *See id.*

It is not clear from the parties' submissions whether this court has jurisdiction over the claims raised in the remaining seventeen Removed Actions. Because the remand issue can be resolved on procedural grounds, the court declines to decide the jurisdictional question presented in those actions.

## IV.  DISMISSAL OF THE FEDERAL ACTIONS

### A.  Legal Standard

District courts have the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009). In addition, Federal Rule of Civil Procedure 41(b) provides that a federal court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." *Smalls v. Cty. of Suffolk*, 718 F. App'x 16, 19 (2d Cir. 2017), quoting Fed. R. Civ. P. 41(b); *see also* Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2369 (4th ed.) ("The district judge is vested with wide discretion in determining when dismissal is appropriate to enforce matters of docket management."). A court may order dismissal *sua sponte* or on defendant's motion. *See*

*Link*, 370 U.S. at 630-31. While dismissal is an appropriate remedy to avoid "undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *id.* at 629-30, it is a "harsh remedy to be utilized only in extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

## B. Discussion

Kernan has filed eleven nearly-identical actions in this district against at least 8,773 defendants. The complaints provide general descriptions of the defendants as a class, but do not explain the significance of the specific defendants that are named. For example, the complaint in *Percy v. D&D Metal Work Inc.* makes the vague assertion that:

> Defendants are named individually and as representatives of a class of employers . . . to which the Plaintiff has demonstrated [the Percy Plan]. The Defendants are industry leaders identified as class representatives with the expectation that those industry leaders will protect the interests of the class, being employers to which the Plaintiff demonstrated the [Percy Plan] in an effort by the Plaintiff to persuade the specifically identified Employer Defendants which number 8,773.

(21-cv-2182, Compl. (Dkt. 1) ¶ 26.) The apparently baseless identification of defendants suggests that there is no genuine connection between the allegations in the complaints and the thousands of defendants identified in the case captions. Without a legitimate foundation for naming such an extensive list of defendants, Kernan's conduct appears to rise to the level of harassment against them, and at least one named defendant has contacted the court with concerns about being scammed. Further, his conduct has imposed a substantial and unnecessary burden on the court's administrative procedures, its staff, and its

filing system. This harassing and burdensome conduct alone supports dismissal of the Federal Actions pursuant to this court's inherent authority to "achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-631.

This conduct also satisfies the requirements for dismissal under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. The conditions of Kernan's conviction and sentencing by the Northern District of New York prohibit him from engaging in the business of insurance in any state unless pre-approved to do so by the relevant state authority. *See Oriska Ins. Co. v. Avalon Gardens Rehabilitation & Health Care Ctr., LLC*, No. 18-cv-1030 (DNH/DEP), 2018 WL 6074693, at *3 (N.D.N.Y. Nov. 21, 2018). In 2013, the NYSDFS entered a final order barring him from engaging in the business of insurance and from holding an interest in Oriska, specifically him from "providing legal or engineering services, or insurance agency services . . . directly or indirectly, to Oriska," among other conduct. *Id.* at *4. He then attempted to represent Oriska in insurance litigation in the Northern District of New York and was disqualified from that litigation for violating the terms of the NYSDFS order. *Id.* at *9. Now, Kernan is again attempting to represent parties involved in litigation related to the business of insurance for the benefit of Oriska in both the Removed and Federal Actions. This conduct violates the terms of Kernan's felony conviction and the orders of both the Northern District of New York and the NYSDFS.

Accordingly, pursuant to this court's inherent authority and Federal Rule of Civil Procedure 41(b), the Federal Actions are dismissed with prejudice.

## V.   ATTORNEYS' FEES AND COSTS

### A.   Legal Standard

The Healthcare Employers and individual defendant Ira Lipsius seek attorneys' fees and costs on the grounds that the removal

attempts were objectively unreasonable. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The statute as a whole, particularly the reference that an order remanding the case 'may require payment' of costs and fees, affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees." *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). District courts may exercise this discretion to award attorneys' fees where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

**B.  Discussion**

The Class Defendants did not have an objectively reasonable basis for removal of the Nassau County Action. In *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163 (2d Cir. 2011), the Second Circuit affirmed an attorneys' fee award following a removal attempt that was predicated on federal claims raised in a third-party complaint in violation of the well-pleaded complaint doctrine. As the basis for its conclusion that the removal attempt was objectively unreasonable, the Second Circuit explained, "it is well established that a defendant may not evade [the well-pleaded complaint] rule by raising a federal question in its responsive pleadings and then attempting to remove on that basis." *Id.* at 166. Consistent with *Calabro*, the attempted removal of the Nassau County Action in violation of the well-pleaded complaint rule here supports the conclusion that removal was objectively unreasonable.

The Class Defendants' failure to comply with the rule of unanimity is evidence that their removal attempts of all eighteen Removed Actions were objectively unreasonable. *See Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp 2d 320, 331 (S.D.N.Y.

25

2007) (holding that it was objectively unreasonable for the removing party to knowingly disregard the rule of unanimity). The Healthcare Employers were original parties to all eighteen Removed Actions, and the Class Representatives knew or should have known the rules for service via e-filing on existing parties under New York law. Consistent with the holding in *Sherman*, their attempts to remove these actions without their co-defendants' consent demonstrates that they lacked an objectively reasonable basis to do so.

Further, the apparent coordination and potential misconduct of counsel indicate that removal of all eighteen Removed Actions to this court, rather than to the proper venue in the Northern District of New York, was objectively unreasonable. As explained above, Kernan appears to have violated terms of his conviction by engaging in this insurance-related litigation. And his coordination with Policelli, who was his former lawyer in disciplinary proceedings against him and the who is current lawyer for Oriska, suggests a willful attempt to evade the restriction on Kernan providing legal services to Oriska and to avoid litigation in a federal district where he was disbarred.

For the reasons explained above, Kernan's attempts on behalf of the Class Representatives to remove these actions were objectively unreasonable. The remanding parties are entitled to reasonable attorneys' fees and costs. If the parties cannot agree on the amount to be reimbursed, the Healthcare Employers and Mr. Lipsius should submit a bill of costs and a fee application to this court.

## VI. CONCLUSION

For the foregoing reasons, the Removed Actions are REMANDED to New York Supreme Court, Oneida County; the Federal Actions are DISMISSED with prejudice; requests made by counsel in the Removed Actions for attorneys' fees and costs are GRANTED;

and Attorney Kernan, counsel for the Class Representatives, is ORDERED to show cause within two weeks of the date of this Order, in writing, as to why he should not be referred to the Disciplinary Committee for this District in connection with his conduct in these matters.

The Clerk of Court is respectfully directed to close the cases. [8]

SO ORDERED.

Dated:      Brooklyn, New York
            May 27, 2021

                                    /s/ Nicholas G. Garaufis
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge

---

[8] While the case will otherwise be closed, this court "retains jurisdiction to decide a motion for fees and costs under 28 U.S.C. § 1447(c) after it has remanded a case to state court." *Calabro v. Aniqa Halal Live Poultry Corp.*, 09-cv-4859 (JG), 2009 WL 4893200 at *3 n.4 (E.D.N.Y. Dec. 15, 2009), citing *Bryant v. Britt*, 420 F.3d 161, 162 (2d Cir. 2005). It will also retain jurisdiction over Kernan's submission concerning potential misconduct.